UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTI SCHMIDT,<br><br>                Plaintiff,<br><br>    v.<br><br>COUNTY OF PLUMAS, JOHN BANKS,<br>BILL POWERS, ROBERT MEACHER,<br>WILLIAM N. DENNISON, ROSE<br>COMSTOCK, OLE OLSEN,<br><br>                Defendants. | 2:05-cv-01224-GEB-DAD<br><br><u>ORDER TO SHOW CAUSE<br>AND CONTINUING STATUS<br>(PRETRIAL SCHEDULING)<br>CONFERENCE</u> |

        The June 20, 2005, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case for August 22, 2005, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference. The Order further required that a status report be filed regardless of whether a joint report could be procured.[1] No status report was filed

---

[1] As the Order states:

> The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order. In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or

(continued...)

1

as ordered.

Plaintiff is Ordered to Show Cause (OSC) no later than 4:00 p.m. on September 6, 2005, why sanctions should not be imposed under Rule 16(f) of the Federal Rules of Civil Procedure against counsel and/or Plaintiff for the failure to file a timely status report, as ordered. The written response shall state whether Plaintiff or her counsel is at fault and whether a hearing is requested on the OSC.[2] If a hearing is requested, it will be held on September 19, 2005, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date. In accordance with the requirements set forth in the June 20 Order, the parties are to file a joint status report no later than September 6, 2005.

IT IS SO ORDERED.

DATED: August 12, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1](...continued)
    parties.
Order filed June 20, 2005, at 2 n. 1.

[2]  "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).