UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTI SCHMIDT,<br><br>    Plaintiff,<br><br> v.<br><br>PLUMAS COUNTY, CALIFORNIA; JOHN BANKS; BILL POWERS; ROBERT A. MEACHER; WILLIAM N. DENNISON; ROSE COMSTOCK, and OLE OLSON,<br><br>    Defendants. | 2:05-cv-01224-GEB-DAD<br><br><u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE</u> |

   On September 12, 2005, an Order issued continuing the Status (Pretrial Scheduling) Conference in this action to December 12, 2005, and requiring a joint status report no later than November 28, 2005. The September 12 Order further required that a status report be filed regardless of whether a joint report could be procured.[1]  No status

---

[1] As the Order states:

> The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order.  In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or

(continued...)

report was filed as ordered.

The parties are Ordered to Show Cause (OSC) no later than 4:00 p.m. on February 7, 2006, why sanctions should not be imposed under Rule 16(f) of the Federal Rules of Civil Procedure against counsel and/or the parties for the failure to file a timely status report, as ordered. The written responses shall state whether the party or its counsel is at fault and whether a hearing is requested on the OSC.[2] If a hearing is requested, it will be held on February 21, 2006, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date. In accordance with the requirements set forth in the September 12 Order, the parties are to file a joint status report no later than February 7, 2006.

IT IS SO ORDERED.

Dated:  December 5, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1](...continued)
   parties.
Order filed Sept. 12, 2005, at 1 n. 1.

[2] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2